[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action claiming damages from defendants for failing to advise plaintiff, prior to his purchasing a home on Main Street in South Windsor, that his driveway leading to a garage, encroached on his neighbor's property, is brought against the defendant sellers, the plaintiff's closing attorneys, Mayo, Gilligan Zito, and First American, the title company insuring the title to plaintiff's residence.
Defendant, First American, filed a motion for summary judgment on October 22, 2002, as to the three counts directed to it, Count 8 (Negligence), Count 9 (Breach of Contract); and Count 10 (Violation of CUTPA).
Similarly, defendant Mayo, Gilligan Zito filed a motion for summary judgment as to the counts directed against the firm, Count 6 (Negligence) and Count 7 (Breach of Fiduciary Duty).
It appears that the existence of the encroachment is not directly noted on the land records, but would have been ascertained had a reference to a variance for the garage on the land records been investigated. Affidavits by attorneys purporting to be experts in title examination express different opinions as to the duty of a title examiner with respect to this particular variance and whether a further duty existed to examine relevant zoning records. This clearly presents a material issue of fact which precludes summary judgment on the negligence and breach of contract counts.
Likewise, the claim of breach of fiduciary duty count against the Mayo firm represents an issue of material fact as to whether the firm was required to disclose to plaintiffs its agency relationship with the defendant title company.
A third issue of material fact is whether the Mayo firm knew of the encroachment and whether it orally advised the plaintiff of the same. CT Page 2660
A fourth issue of material fact is whether the Mayo firm advised the plaintiff about the need for a property survey, which presumably would have disclosed the existence of the encroachment, or the risks entailed in the absence of a survey.
Because of these factual issues, the respective motions for summary judgment are denied as to Counts 8 and 9 directed against First American and as to Counts 6 and 7 directed to Mayo.
However, Count 10, charging First American with a violation of CUIPA is granted, because this Court has held on many occasions that no private right of action exists under CUIPA, especially where the behavior alleged does not qualify as a general business practice. The Travelers Property Casualty Ins. Co. v. Robert Troyer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 98 0580328 (March 20, 2000, Wagner, J.) (26 Conn.L.Rptr. 696); Warner v. SanfordHall Agency, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 91 0398991 (February 9, 1993, Wagner, J.) (8 Conn.L.Rptr. 333).
Wagner, J.T.R CT Page 2661